[No. 1190.    Decided May 19, 1894.]

JOSEPH HERSNER, *Respondent*, v. B. MARTIN AND MARY
MARTIN, *Appellants*.

MORTGAGES — FRAUD — EVIDENCE — EXHAUSTION OF OTHER SE-
CURITIES — RIGHTS OF MORTGAGEE.

A charge of fraud in the procurement of a mortgage is not estab-
lished by proof that the mortgagors had but a limited knowledge
of the English language, and that they did not intend to give any
mortgage on the land, but were led to believe they were executing
an assignment of certain notes of other parties to the mortgagee
in full payment for the land, when it is shown that the mortgagee
never had possession of such notes, and that the interest of the
mortgagors therein amounted to but $700, while the value of the
land conveyed by the mortgagee was $1,250.

. A mortgagee to whom other security is given in addition to his
mortgage is not compelled to exhaust such security before relying
upon the mortgage executed to him.

*Appeal from Superior Court, Spokane County.*

*Prather & Danson,* for appellants.
*Jones, Belt & Quinn,* for respondent.

The opinion of the court was delivered by

SCOTT, J. — The respondent brought this action to fore-
close a mortgage executed to him by the appellants to
secure the purchase price for certain real estate conveyed
by respondent to appellants.    At the time the said real
estate was purchased and the mortgage executed, appellant
B. Martin owned an interest in three notes given by one
Reynolds, which were also secured by a real estate mort-
gage.    These notes had been obtained by said Martin from
one McGinnis, and had been left in his hands by Martin
to secure the balance of the purchase price, amounting to
something over $700.    The three notes amounted to about
$1,600.    At the time appellants executed the mortgage

upon which foreclosure was sought in this action, the appellant B. Martin also assigned to the respondent his interest in said three notes purchased by him from McGinnis, and which were then held by McGinnis as security for the purchase price thereof as aforesaid.    Appellants answered to the complaint, setting up the assignment of these three notes, and alleged that the same were assigned in full payment for the real estate obtained from the respondent, and they denied having executed the mortgage thereon which respondent was seeking to foreclose, and alleged that the same was obtained by fraud.    Respondent obtained judgment foreclosing said mortgage, and this appeal was taken.

The main contention is one of fact.    Appellants contend that the court should have found in their favor upon the issue of fraud.    It is contended by them that they were of foreign birth, and only had a very limited knowledge of the English language, not enough to enable them to transact business of that kind intelligently, and that the respondent took advantage of their ignorance in the premises, and fraudulently procured them to execute the mortgage in question.    But, after an examination of the proofs, we are satisfied with the findings of the court in the premises. The agreed price of the real estate conveyed by the respondent to appellants was $1,250, and the interest of appellant B. Martin in the mortgage notes which he claimed were transferred by him to respondent in full payment for said real estate was considerably less than that, and is a strong circumstance sustaining the claim of the respondent that said assignment was only given to him as additional security for the purchase price aforesaid.

It is further contended by appellants that the respondent could not bring suit to foreclose the mortgage aforesaid without accounting for the notes assigned to him by B. Martin; but there was nothing to show that the respondent ever had possession of said notes, or had ever received

anything thereon. They were in the hands of another party, as stated, and the respondent contends that he had a right to waive this security, and rely solely upon the mortgage executed to him as aforesaid, and his contention in this respect must be sustained.

Judgment affirmed.

DUNBAR, C. J., and STILES, HOYT and ANDERS, JJ., concur.